UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAWN OLANDUS BURNETT,

        Petitioner,

v.

        Case No. 08-10804
        Honorable John Corbett O'Meara

CINDI CURTIN,

        Respondent.
_____/

## ORDER DENYING WITHOUT PREJUDICE PETITIONER'S MOTIONS FOR EVIDENTIARY HEARING AND APPOINTMENT OF COUNSEL

This matter is before the Court on Petitioner's Motions for Evidentiary Hearing and Appointment of Counsel. Respondent has not filed a reply to Petitioner's motions. The Court has reviewed Petitioner's motions and denies them for the reasons stated below.

In this habeas action, Petitioner challenges his 2003 murder convictions, stemming from two different incidents, which were imposed following a jury trial in the Genesee County Circuit Court. Petitioner was sentenced to sixty to one hundred years imprisonment for both convictions. Petitioner raises claims concerning the admission of other acts evidence, violations of the Confrontation Clause, prosecutorial misconduct, trial court errors in the admission of evidence, the effectiveness of trial and appellate counsel, and cumulative error.

In his motions, Petitioner asks the Court to conduct an evidentiary hearing on his ineffective assistance of counsel claims and to appoint counsel accordingly. Rule 8 of the Rules Governing 2254 Cases in the United States District Courts states, in pertinent part:

1

> If the petition is not dismissed at a previous stage in the proceeding, the judge, after the answer and the transcript and record of state court proceedings are filed, shall, upon review of those proceedings and of the expanded record, if any, determine whether an evidentiary hearing is required.

Respondent has not filed an answer to the habeas petition. Nor has Respondent filed any of the required Rule 5 materials. Accordingly, Petitioner's request for an evidentiary hearing is premature.

Next, Petitioner seeks appointment of counsel to assist him with his case. Petitioner has no absolute right to be represented by counsel on federal habeas corpus review. *See Abdur-Rahman v. Michigan Dept. of Corrections*, 65 F.3d 489, 492 (6th Cir. 1995); *see also Wright v. West*, 505 U.S. 277, 293 (1992) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)). "'[A]ppointment of counsel in a civil case is . . . a matter within the discretion of the court. It is a privilege and not a right.'" *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (quoting *United States v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965)). Neither discovery nor an evidentiary hearing are necessary at this time, and the interests of justice do not require appointment of counsel. *See* 18 U.S.C. § 3006A(a)(2)(B); 28 U.S.C. foll. § 2254, Rules 6(a) and 8(c).

Accordingly, the Court **DENIES WITHOUT PREJUDICE** Petitioner's Motions for Evidentiary Hearing and Appointment of Counsel. The Court will reconsider Petitioner's requests if, following a review of the pleadings, the Court determines that an evidentiary hearing and/or appointment of counsel is necessary. Petitioner need not file additional motions on this issue.

s/John Corbett O'Meara<br>
United States District Judge

Date: March 14, 2008

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, March 14, 2008, by electronic and/or ordinary mail.

                                                                s/William Barkholz
                                                                Case Manager